UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

RUDOLPH A. GREENE, SR., *et al.*,

    Plaintiffs,

v.                                                                 Civil Action No. AMD 00-1374

FAMOUS PAWN, INC.,

    Defendant.

---

**REQUEST FOR FINAL APPROVAL
OF CLASS SETTLEMENT**

---

On February 5, 2003, Plaintiffs and Defendant entered into a Settlement Agreement to resolve the claims made by Plaintiffs against Defendant in this litigation. On September 11, 2003, the parties jointly requested that the Court grant preliminary approval to the Settlement Agreement, certify the class for settlement, authorize the publication and notice of the settlement and the solicitation of claims, objections and requests for exclusion from the proposed settlement class. On September 15, 2003, the Court entered an order preliminarily approving the settlement of the class action, conditionally certifying the settlement class and directing the publication of notice. The Court also scheduled a final fairness hearing to occur on December 4, 2003.

The Parties hereby request that the Court grant final approval of the Settlement Agreement pursuant to Fed.R.Civ.P. 23(e).

A. **THE SETTLEMENT AGREEMENT**

The terms of the Settlement Agreement are set forth in the Request for Preliminary Approval of Class Settlement, filed on September 11, 2003 and were incorporated in the Court's Preliminary Approval Order dated September 15, 2003. The Class consists of "all persons who engaged in deferred deposit transactions with Famous Pawn, Inc. from May 11, 1996, through and including February 5, 2003, in which such person delivered a check to an employee of Defendant in exchange for receiving cash and paid a fee to Defendant to hold the check, and their heirs, personal representatives, successors or assigns, but does not include all persons who file or record valid requests for exclusion."

In summary, the Settlement Agreement provides as follows:

1. Pursuant to the Settlement Agreement, Defendant will, upon final approval, release the outstanding indebtedness of all Class Members in the approximate amount of $789,000; and

2. Pay into a Settlement Fund the cash sum of $1.1 million. The Settlement Fund will:

   (a) Fund the Plaintiff Class' settlement payments to each class member who submits a Claim Form;

   (b) Pay Class Representative awards to Rudolph A. Greene, Sr., Karen Dowhite and Sheila Diane Dowhite;

   (c) Pay Class counsels' attorneys' fees and costs as approved by the Court; and

   (d) Pay all taxes payable with respect to any taxable income of the Settlement Fund.

Each class member who files a timely claim form will receive his or her *pro rata* share of the Settlement Fund based upon the total amount of fees paid by the class member to Famous

Pawn during the Class period to hold checks as a percentage of all fees paid by all claiming class members to Famous Pawn to hold checks.

As more fully described in the Agreement of Settlement, Defendant has paid and/or will pay the Class Administrator, Poorman Douglas, for sending the Notice of Class Certification and Settlement with an Exclusion Form and a Claim Form by first class mail to the last known address of each class member that can reasonably be ascertained. The cost of printing and mailing the Certification Notice and the Settlement Notice and Claim Form as well as the costs for administrative services, including newspaper notices, have been and/or shall be paid by the Defendant.

### B.   NOTICE AND CLAIMS

In accordance with the Court's Preliminary Approval Order, the Class Administrator mailed individual notices and claims forms, in the form approved by the Court, to each of 8,630 members of the class. In addition, the Class Administrator published notice and a claim form, in the form approved by the Court, in the Baltimore Sun, the Washington Post and the African American, as directed by the Court.

After the initial mailing, 2,032 of those Notices could not be delivered with the addresses the Administrator had been provided with. Additional research was performed, additional addresses were obtained and 1,512 notices were re-mailed to new addresses. Two thousand four hundred and ninety one claims had been received and processed as of November 21, 2003. It appears that only three class members have requested exclusion. One class member filed both a claim and an exclusion request and is being queried about his intentions. At present, 29% of the class members who were subjects of written notice have filed claims which have been accepted by the administrators.

3

C.   **ABSENCE OF OBJECTORS**

Most significantly, <u>not a single objection</u> to the Settlement Agreement was filed in response to the mailed and published notice to 8,630 class members.

D.   **TOTAL VALUE OF SETTLEMENT**

If finally approved, the Settlement Agreement will be valued as follows:

1. Annulment of debt of class members – approximately $789,000;

2. Cash payment to class – $1,100,000;

3. Total Value of Settlement – $1,879,000.

Additionally, Famous Pawn is paying all costs of notice, distribution of funds and all other costs of administration. This represents a significant savings to the class, which otherwise would have to pay these costs out of the Settlement Fund. Further, the Settlement Agreement provides that Famous Pawn, Inc. will take specific steps to assist class members in clearing their credit records.

E.   **THE SETTLEMENT SHOULD BE FINALLY APPROVED**

For the reasons stated in the Request for Preliminary Approval of Class Settlement and in the absence of any objection by any class member, the proposed settlement is fair and adequate. As was pointed out to the Court in the Memorandum of Law in Support of the Joint Motion for Preliminary Approval of Settlement and Notice to Class, during the class period Famous Pawn processed approximately 62,000 deferred deposit transactions which generated $2.5 million in fee/interest income.

The annulment of $789,000 of debt of class members is neither an "accounting" number nor a "coupon." It represents actual dollars received by class members from Famous Pawn which will not have to be repaid.

Approximately 30% of class members (almost 2,500) have filed claims in this case. Thirty percent of $2.5 million is $750,000.00, which will approximate the out-of-pocket loss of the class members who have filed claims.

If the Court allows counsel fees as requested of one-third of the $1,879,000 total value of the settlement, orders reimbursement of approximately $18,000.00 in expenses, and awards a $7,500 incentive payment to each of the three Class Representative, to be paid out of the cash portion of the settlement, approximately $459,500.00 will be available for distribution to class members. Thus, the recovery of class members who have filed claims will be $459,500.00, or slightly more than 61 cents on the dollar ($459,500.00 divided by $750,000.00). In other words, the average claimant will have paid fees of approximately $300.00 and will recover about $180.00 as a result of this settlement.

This settlement represents the culmination of extensive and intensive arms-length negotiations between the parties. The parties believe that the terms are beneficial to the members of the class and, overall, represent a recovery of 75% of the income to Famous Pawn, Inc. generated by its deferred deposit transaction business. It provides significant monetary benefits, including the annulment of existing debt on the part of some class members, and cash payments to other class members. It eliminates the risks associated with trial and appeals and it ensures that class members will receive their share of the recovery without lengthy delays.

This settlement was negotiated between parties who strongly disagreed over the merits of this case. Both strongly believe that they would prevail at trial. They also agree, however, that

trial of this case would be long and expensive. If motions practice in this case, and companion litigation, is any indication the Court and the parties could look forward to highly contentious proceedings, involving thousands of Maryland consumers. By no means do the parties believe that this case would go forward smoothly or efficiently were this settlement not finally approved.

### F.   CONCLUSION

For all the reasons stated above, as well as the reasons set forth in the Request for Preliminary Approval of Class Settlement, and for the reasons presented at the December 5, 2003 fairness hearing, this Court should grant final approval of the settlement of this class action.

Respectfully submitted,


By: _____/s/_____
John A. Bourgeois (Bar No. 11834)
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
(410) 752-6030; facsimile (410) 539-1269

John T. Ward (Bar No. 01507
WARD KERSHAW, P.A.
113 West Monument Street
Baltimore, Maryland 21201
(410) 685-6700; facsimile (410) 685-6704

*ATTORNEYS FOR PLAINTIFFS*