IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

RUDOLPH A. GREENE, SR., *et al.*,

    Plaintiffs,    ✱

v.    ✱    Civil Action No. AMD-00-1374

FAMOUS PAWN, INC.,    ✱

    Defendant.    ✱

✱  ✱    ✱    ✱    ✱  ✱    ✱  ✱

## FINAL APPROVAL ORDER

UPON CONSIDERATION of the Parties' Request for Final Approval of Class Settlement, Class Counsel's Petition for Attorneys' Fees and Costs and for Incentive Payments to Class Representatives, the Supplemental Submission in Further Support of Class Counsel's Petition for Attorneys' Fees and Costs, the Second Supplemental Submission in Further Support of Class Counsel's Petition for Attorneys' Fees and Costs, the record in this case, and the applicable law, and after a Fairness Hearing by the Court on December 4, 2003, it is this 4th day of December 2003:

    ORDERED that the Parties' Request for Final Approval of Class Settlement be and hereby is GRANTED.

    2.    ORDERED that the proposed Class Settlement be and hereby is FINALLY APPROVED.

3. **Ordered that the Settlement Agreement, as evidenced by Exhibit   hereto,** be and hereby is incorporated and made part of this Order as if set forth fully herein.

4. ORDERED that a plaintiff class be and hereby is certified pursuant to Fed. R. Civ. P. 23(b)(2), for settlement purposes only, and is defined as follows:

"ALL PERSONS WHO ENGAGED IN DEFERRED DEPOSIT TRANSACTIONS WITH THE DEFENDANT, FROM MAY 11, 1996, THROUGH AND INCLUDING FEBRUARY 5, 2003, IN WHICH SUCH PERSON DELIVERED A CHECK TO AN EMPLOYEE OF DEFENDANT IN EXCHANGE FOR RECEIVING CASH AND PAID A FEE TO FAMOUS PAWN, INC. TO HOLD THE CHECK, THEIR HEIRS, PERSONAL REPRESENTATIVES, SUCCESSORS OR ASSIGNS, BUT DOES NOT INCLUDE ALL PERSONS WHO FILED OF RECORD VALID REQUESTS FOR EXCLUSION."

5. ORDERED that the following persons, upon their request, be and hereby are excluded from the aforesaid class, and that any and all claims asserted on their behalf in this action be and hereby are DISMISSED WITHOUT PREJUDICE:

    a. Joyce Rogers (customer no. 20187298)

    b. Barbara J. Twyman (customer no. 32284500)

    c. Patrice A. Gbengou (customer no. 0007657)

    d. Gregory L. Barnes (customer no. 20897814)

    e. Ronald Thomas (customer no. 20528147)

  f. Sareth C. Sokhon (customer no. 20252721)

  g. Terry Haneil (customer no. 20700658).

6. ORDERED that each of the named Class Representatives, Rudolph A. Greene, Sr., Karen Dowhite, and Sheila Diane Dowhite, be and hereby is awarded an incentive payment of $7,500.00, which incentive payments in the aggregate amount of $22,500.00 shall be paid from the common fund created by the settlement agreement.

7. ORDERED that Class Counsel be and hereby are awarded attorneys' fees in the amount of $600,000.00 and reimbursement of expenses in the amount of $17,797.96, which fees and expenses are hereby found to be reasonable, and said fees and expenses shall be paid from the common fund created by the settlement agreement.

8. ORDERED that any and all claims asserted on behalf of the named Class Representatives, and members of the class (except those persons identified in ¶ 5, above) be and hereby are DISMISSED WITH PREJUDICE

9. ORDERED that the Settlement Agreement between the parties shall constitute an Order by Consent directed to and governing the conduct and obligations of the parties.

10. ORDERED that this Court shall have continuing jurisdiction over the parties to supervise and ensure compliance with the Settlement Agreement. United States Magistrate Judge _____ is hereby appointed to preside over any and all disputes as to the matters set forth herein, including the interpretation, effectuation, and

implementation of the Settlement Agreement, until such time as the Court receives certification from the parties that all of the distributions and obligations have been fully made and met as provided in the Settlement Agreement. The Federal Rules of Civil Procedure shall apply to the consideration of any disputes, and prior to submitting a dispute to the Magistrate Judge, the party seeking arbitration must certify that it made a good faith effort to resolve the dispute.

_____
André M. Davis
United States District Judge